### In re FOSTER.

[Cite as *In re Foster* (1998), 128 Ohio App.3d 566.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 97CA18.

Decided June 24, 1998.

*J.B. Collier, Jr.,* Lawrence County Prosecuting Attorney, and *Kevin J. Waldo,* Assistant Prosecuting Attorney, for appellee.

*Patricia S. Grubbs,* for appellant

HARSHA, Judge.

Steven Caine Foster appeals the determination that he is a delinquent child. Appellant was found to have helped another juvenile to violate R.C. 2917.31 ("inducing panic"). He assigns the following errors[1]:

"A. Whether the evidence presented by the state of Ohio at adjudication was sufficient as a matter of law to sustain a conviction against the appellant."

"B. Whether the finding of the complaint to be true was against the manifest weight of the evidence."

This case concerns a bomb threat to Ironton High School. The state contends that appellant, Johnny Meadows, and Johnny Browning met before school and discussed the previous bomb threats made to the school. Appellant and Meadows left together to see whether a local carryout was open. Appellant gave Meadows a quarter, which Meadows used to call in the bomb threat. As a result of the bomb threat, the school was evacuated and searched for a bomb. During an interview with police, appellant stated that Meadows asked for a quarter to call in the bomb threat and that he gave Meadows a quarter. Appellant was arrested for violating R.C. 2923.03 ("complicity"). At the adjudicatory hearing, appellant testified that while he gave Meadows the quarter used to call in the bomb threat, he thought that Meadows wanted to borrow the money to get candy or pop.

---

1. The appellant failed to separately assign errors as required by App.R. 16 but did include a "Statement of Issues," which were separately argued. We will consider these to be his assignments of error.

In his first assignment of error, appellant argues that the state's evidence was insufficient as a matter of law. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

Appellant was found to be delinquent by having violated R.C. 2923.03,[2] *i.e.*, complicity to commit R.C. 2917.31.[3] At the hearing, the appellant admitted that he had read and signed his written statement to police in which he admitted giving Meadows the quarter after Meadows stated that he was going to use it to phone in the bomb threat. Meadows testified that appellant told him that appellant would give him the quarter to call. Appellant testified at the hearing that he did not know and did not tell the police that Meadows wanted the quarter to call in the bomb threat.

After viewing all of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Specifically, appellant admitted to the police that he helped Meadows call in the bomb threat by providing the quarter used at the pay phone. This was corroborated by Meadows. That appellant later recanted this version of events does not undermine the sufficiency of his admission. Rather, it created an issue of credibility to be judged by the trier of

---

**2.** R.C. 2923.03 provides:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"(1) Solicit or procure another to commit the offense;

"(2) Aid or abet another in committing the offense;

"(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

"(4) Cause an innocent or irresponsible person to commit the offense."

**3.** R.C. 2917.31 provides:

"(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:

"(1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;

"(2) Threatening to commit any offense of violence;

"(3) Committing any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm."

fact. The evidence was not insufficient as a matter of law. Accordingly, we overrule appellant's first assignment of error.

In his second assignment of error, appellant argues that the finding of delinquency is against the manifest weight of the evidence. A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Johnson* (1991), 58 Ohio St.3d 40, 41, 567 N.E.2d 266, 267–268; *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *Elyria v. Tress* (1991), 73 Ohio App.3d 5, 7, 595 N.E.2d 1031, 1033, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 720–721; see, also, *In re Wolfe* (June 11, 1992), Pickaway App. No. 91CA21, unreported, 1992 WL 129314.

Appellant admitted to the police that he gave a quarter to call in the bomb threat. At trial, he admitted giving Meadows the quarter but testified that he did not know what Meadows was going to do with it. Appellant's mother testified that appellant suffers from attention deficit disorder ("ADD") and was in classes for the learning disabled. She further testified that she was present for the interview of her son by the police and that although she read and signed the written statement that the police had prepared as a summary of appellant's oral statement, the written statement did not accurately reflect appellant's oral statement to the police. Thus, the determination of why appellant gave Meadows the quarter was an issue of credibility. Appellant argues that his mental capabilities prevented him from fully comprehending the summary of his interview with police that he read and signed. Appellant's mother testified that ADD prevents him from comprehending written material. The trial court had the opportunity to see appellant testify and judge his credibility, as well as his capabilities. The trial court's decision to believe one of appellant's versions of why he gave Meadows the quarter over the other was not a manifest miscarriage of justice. Further, the version that appellant gave to the police was supported by Meadows's testimony. We overrule appellant's second assignment of error because the finding of delinquency is supported by the manifest weight of the evidence.

In sum, we have overruled both of appellant's assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

STEPHENSON, P.J., and PETER B. ABELE, J., concur.